## Commonwealth ex rel. v. Weigley.

*Custody of child—Order of court—Private agreement—Contempt—Evidence.*

1. After an order has been made by the court in a proceeding for the custody of a child, the parties to the writ of *habeas corpus* have no right to make any agreement to bargain away the rights of the infant without the consent of the court.

2. It is not only the right of the court, but it is the duty of the court to see that its orders are obeyed.

3. A written agreement in the possession of an adverse party to an action must be produced if legal demand is made therefor, but if no demand is made, the court must assume that the other party did not wish to have it placed in evidence.

Petition for attachment. C. P. Somerset Co., Sept. T., 1923, No. 86.

*Henry G. Gress,* for respondent; *Daryle R. Heckman,* for relator.

BERKEY, P. J., Dec. 21, 1923.—The record discloses that on May 29, 1923, the petitioner filed a petition for a writ of *habeas corpus* to bring Elaine Madre Miller before the court, said child then being in the possession of the respondent, Harry E. Weigley. The said Harry E. Weigley produced the child in court June 2, 1923. Elaine Madre Miller is the child of Marie Weigley, now intermarried with Stanley Wilhelm. The child was born in February, 1916, and given into the custody of Harry E. Weigley, its grandfather, about Sept. 1, 1916, where it remained until the proceedings were instituted. On June 2, 1923, at the time fixed for the trial of the case, the petitioner, Marie Weigley Wilhelm, by her attorney, Mrs. Daryle R. Heckman, and Harry E. Weigley, by C. W. Walker, Esq., came into court and made representations by their attorneys, the litigants present, that it was agreed between them that the mother should have the custody of the child, the costs of the proceeding to be paid by her; whereupon the court, in the presence of the parties and their counsel, made the following order:

"Now, June 2, 1923, at four o'clock P. M., this case came on for hearing, and after delay of half an hour the counsel representing the relator and respondent come into open court and make statement that the respondent has agreed with the relator that she should have the custody of the child in question, and upon request of counsel for the respondent, the court do now order and direct that this arrangement be carried out between the parties, and that Elaine Madre Miller be delivered into the custody of Marie Weigley Wilhelm, mother of the said child, and the costs of this proceeding to be paid by the relator."

Harry E. Weigley, the respondent, June 18, 1923, filed a petition to set aside the order of the court, and prayed to be heard on the merits of the case. To this petition an answer was filed by the original petitioner. The petition was dismissed by the court in an opinion filed June 23, 1923.

On Oct. 15, 1923, the mother of the child presented a petition to the court, alleging that Harry E. Weigley had been threatening her, both in person and

to other people, that he would kidnap the child and take her to Mexico, and there would live with her during the rest of their lives and not allow the mother to ever see the child again; that through fear of said threats being carried into execution, said Weigley induced her to part with the custody of the child Sunday afternoon, Sept. 2, 1923, and continued to have the custody of the said child, contrary to the wishes of the mother and contrary to the order of the court, and praying that the child be restored to the mother and a rule awarded on said Weigley to show cause why he could not be adjudged in contempt of court. On the same day, Harry E. Weigley, the respondent, filed an answer to said petition, denying all the facts therein alleged, save that he had possession of the child, and averring that possession of the child had been given him voluntarily by the mother of the child by virtue of an agreement between the said Weigley and the said Mrs. Wilhelm, that the child was to remain in the custody of the respondent during school terms, and that, at the option of the said child, it was to remain in the custody of the said Marie Weigley Wilhelm during the summer vacations when the schools would be closed, and praying for the dismissal of the rule. Testimony was taken Nov. 6, 1923, wherein it appears that Harry E. Weigley went to the home of Mrs. Wilhelm, in Somerset Borough, and importuned her for the possession of the child. It further appears that some sort of an agreement was entered into between Mr. Weigley and Mrs. Wilhelm that she would surrender the child to his custody. It appears in evidence that an agreement in writing was made giving the details of the contract between them in relation to the custody of the child, but upon the trial neither party offered to put the alleged contract in evidence, nor did either offer to prove the allegation contained in the respondent's answer as to the contents thereof. The child is between seven and eight years of age, and the private parties to the *habeas corpus* could not bargain away the rights of the infant, incapable, by reason of its tender age, to consent to any arrangement. If such doctrines could be sanctioned, infants of tender years might be placed in improper custody and continued in it by agreement of the parties to the writ of *habeas corpus,* and thus defeat the order of the court. It is not only the right of the court, but it is the duty of the court to see that its orders are obeyed. Clearly, Mrs. Wilhelm, the mother of the child, could not give it into the custody of another without the consent of the court, nor could Mr. Weigley, the grandfather, take it out of her custody without the consent of the court: Com. *v.* Reed, 59 Pa. 425, 428.

The court is not informed by this record as to the terms of this agreement. If the contract had been put in evidence, the court might have approved the agreement *nunc pro tunc;* that is to say, the court might have done, after custody of the child had changed, what it would have done if the matter had been brought to the attention of the court before the custody was changed. The respondent, Mr. Weigley, to this proceeding having seen fit to exclude from this record the alleged agreement, the court will enforce its decree as made June 2, 1923. It is true the agreement was not in his possession, as he testified, but was in the possession of Mrs. Wilhelm. He had at his hand the legal right to compel the other party to produce it; not having done so, the court assumes that he and his attorney did not wish it placed upon this record.

Now, Dec. 21, 1923, the respondent, Harry E. Weigley, is hereby adjudged to be in contempt of the decree of the court dated June 2, 1923, and directs that an attachment issue unless the custody of the child is restored to its mother by Dec. 29, 1923.

From P. G. Cober, Somerset, Pa.